UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BILLY JOE NOBLE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00236-CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

Before the Court is movant's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. In his motion to vacate, movant seeks to vacate his sentence pursuant to the Supreme Court case of *Johnson v. United States*, 135 S.Ct. 2551 (2015) and the Eighth Circuit Court of Appeals case of *United States v. Naylor*, 887 F.3d 397 (8th Cir. 2018).

### Background

Movant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *United States v. Noble*, No. 1:07-cr-00060-CDP (E.D. Mo.). On February 2, 2009, he was sentenced to 180 months imprisonment and three years of supervised release. Movant did not appeal.

On July 25, 2016, movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Noble v. United States*, No. 1:16-cv-00204-CDP (E.D. Mo.). Movant sought relief under *United States v. Johnson*. On September 8, 2018, the Court ordered movant to show cause why his § 2255 motion to vacate should not be dismissed as time-barred. Movant failed to respond to the order to show cause. The Court therefore dismissed movant's motion without prejudice as time-barred on November 7, 2017. Movant did not appeal.

Movant filed this instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on October 4, 2018.[1]

### Discussion

In *Johnson,* the Supreme Court of the United States held the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), unconstitutionally vague. *Johnson*, 135 S.Ct. at 2563. In *Naylor*, the Eighth Circuit Court of Appeals held that convictions under the Missouri second-degree burglary statute do not qualify as violent felonies under the ACCA. *Naylor*, 887 F.3d at 406-07.

As movant was convicted under the ACCA and as it appears from the motion to vacate that he is relying on *Johnson* and *Naylor* as the basis for his arguments for resentencing, this Court will request assistance from the United States Probation Office for the Eastern District of Missouri in reviewing movant's § 2255 petition.

The Court will also request that the parties address the effect of the Court's earlier dismissal as time-barred of movant's motion to vacate in *Noble v. United States*, No. 1:16-cv-00204-CDP (E.D. Mo.).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall notify the United States Probation Office of movant's § 2255 motion to vacate and that it is brought pursuant to the Supreme Court case of *Johnson v. United States,* 135 S.Ct. 2551 (2015).

**IT IS FURTHER ORDERED** that, within a reasonable time, and in its usual course of business, the United States Probation Office shall prepare and file in movant's criminal case a new Resentence Report relative to movant's contentions under *Johnson*, which shall be filed

---

[1] Movant notes in his motion that his deadline to file this action was June 26, 2016. However, movant asserts that the government is waiving any objection it has to the timeliness of the motion. Therefore, it appears that the current motion to vacate, set aside, or correct sentence is timely.

under seal, with access to the Court and the parties who have entered their appearance in this matter.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the filing of the Probation Office's Disclosure Copy of the Resentence Report, the parties shall file, in movant's criminal case, simultaneous objections to the Resentence Report or statements that they have no objection. Within seven (7) days of such time, the United States Probation Office shall file a final copy of the Resentence Report in movant's criminal case.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the filing of the Final Resentence Report by the Probation Office in the criminal case, the Government shall file its response to movant's motion to vacate in this case. In its response, the Government shall state its position as to the effect on the instant action of the Court's dismissal of movant's 28 U.S.C. § 2255 motion in *Noble v. United States*, No. 1:16-cv-00204-CDP (E.D. Mo.).

**IT IS FURTHER ORDERED** that any reply to the Government's response to the motion to vacate shall be filed, in this case, no later than fourteen (14) days from the date the response is filed.

Dated this 19th day of November, 2018.

                                                CATHERINE D. PERRY
                                                UNITED STATES DISTRICT JUDGE